IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:11-CV-049-MOC-DCK

| | |
|---|---|
| GORDON REYNOLDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 13) and Defendant's "Motion For Summary Judgment" (Document No. 21). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On The Pleadings" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

### I. BACKGROUND

Plaintiff Gordon Reynolds ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On February 24, 2006, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning October 22, 1999. (Transcript of the Record of Proceedings ("Tr.") 10). The Commissioner of Social Security (the

"Commissioner" or "Defendant") denied Plaintiff's application initially on or about June 1, 2006, and again after reconsideration on November 17, 2006. (Tr. 10, 43-54). Plaintiff filed a timely written request for a hearing on December 8, 2006. (Tr. 6, 10).

On October 16, 2008, Plaintiff appeared and testified at a hearing before Administrative Law Judge Robert Egan ("ALJ"). (Tr. 10, 16-42). On January 22, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 7-15). Plaintiff filed a request for review of the ALJ's decision on March 18, 2009, which was denied by the Appeals Council on December 6, 2010. (Tr. 1-3). The January 22, 2009 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. Id.

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 28, 2011. (Document No. 1). Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 13) and " Brief In Support Of Plaintiff's Motion For Judgment On the Pleadings" (Document No. 14) were filed August 8, 2011; and Defendant's "Motion For Summary Judgment" (Document No. 21) and"Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 22) were filed November 30, 2011. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Max O. Cogburn, Jr. is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, --- F.3d ---, ---, 2011 WL 19731at *1 (4th Cir. Jan. 5, 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between October 22, 1999, and the date of his decision.[1]

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

(Tr. 10). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from October 22, 1999, through the date of his decision, January 22, 2009. (Tr. 14-15).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was <u>not</u> disabled. (Tr. 14).

---

for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since October 22, 1999, his alleged disability onset date. (Tr. 12). At the second step, the ALJ found that Plaintiff's lumbar scoliosis, back pain, and hypertension, were severe impairments. (Tr. 12).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 12).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform the full range of light work, with the following limitations:

> lift/carry 20 pounds occasionally and 10 pounds frequently; push/pull without limitations; sit/stand/walk [for] six hours in an eight hour day; perform all postural activities except that he can only occasionally stoop and kneel.

(Tr. 13). In making his finding, the ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. (Tr. 13). After consideration of the evidence, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; but he further found Plaintiff's testimony concerning the intensity, persistence and limiting effects of symptoms not entirely credible, and that they would not preclude light work as described. (Tr. 14).

At the fourth step, the ALJ found that Plaintiff could perform his past relevant work as a restaurant manager and/or telemarketer. (Tr. 14). Specifically, in comparing the Plaintiff's RFC

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

with the physical and mental demands of this work, the ALJ found that Plaintiff is able to perform his past relevant work as a telemarketer as actually performed and his past relevant work as a restaurant manager as generally performed. (Tr. 14). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between October 22, 1999, and the date of his decision, January 22, 2009. (Tr. 14).

Plaintiff on appeal to this Court makes the following assignments of error: (1) substantial evidence does not support the ALJ's findings regarding Plaintiff's pain, credibility, and severity of impairment; (2) the ALJ's assessment of Plaintiff's residual functional capacity is defective; and (3) the ALJ failed to call upon the services of a vocational expert. (Document No. 14, pp.7-17). The undersigned will discuss each of these contentions in turn.

**A. ALJ's Findings Regarding Pain, Credibility, and Impairment**.

Plaintiff makes several arguments that essentially assert that the ALJ's findings are not supported by substantial evidence. (Document No. 14, pp.7-14). Plaintiff contends that the ALJ erred in his assessment of Plaintiff's credibility, pain, and impairments, and in the weight he afforded the opinion of Plaintiff's treating physician. Id.

    1. Credibility & Pain

Plaintiff appears to assert in his first argument that the ALJ failed to afford great weight to Plaintiff's testimony, and erred in his credibility assessment by failing to properly comport with the legal process set out in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). (Document No. 14, pp.7-9).

Step one of the two-step Craig analysis requires a determination of whether there is "objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected

to produce the pain or other symptoms alleged.'" Craig, 76 F.3d at 594 (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If this threshold obligation is met, then at step two "the intensity and persistence of the claimant's pain, and the extent to which it affects h[is] ability to work, must be evaluated." Id. (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)).

Here, the ALJ's decision specifically shows that he applied this two-step Craig analysis, and then concluded

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . .

(Tr. 13-14).

In short, the ALJ found that Plaintiff's back pain was a severe impairment, but disagreed with Plaintiff's contention that his pain was disabling. (Tr. 12-14). After careful review of the ALJ's decision and the parties' arguments, the undersigned finds that the ALJ's analysis was consistent with Craig, and that his credibility determination was not in error.

### 2. Impairments

Plaintiff also argues that the ALJ erred by failing to consider any evidence regarding whether he met or equaled Listing 1.04A, and by failing to obtain a medical opinion on this issue. (Document No. 14, pp.9-11).

Defendant first asserts that the use of a medical advisor is a matter left to the ALJ's discretion. (Document No. 22, p.11) (citing Johnson v. Astrue, 3:07-CV-015-RJC-DCK, 2008 WL 7526174 at *7 (W.D.N.C. May 16, 2008) *aff'd by* 320 Fed.Appx. 193 (4th Cir. 2009)). Therefore,

Defendant contends the only question before the Court is whether substantial evidence supports the ALJ's step-three finding.  Id.  The undersigned finds Defendant's argument persuasive.

Plaintiff contends that the ALJ erred by failing to specifically address, or cite evidence regarding, his consideration of Listing 1.04A.  (Document No. 14, p.9).  He states that "[w]henever a Listing is reasonably implicated, the ALJ must not only cite the Listing, but give reasons why the Listing is not met or equaled."  Id.  In response, Defendant contends that only "if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments" must the ALJ identify the relevant listed impairments and compare them to the evidence of Plaintiff's symptoms.  (Document No. 22, pp.11-12) (quoting Ketcher v. Apfel, 68 F.Supp. 2d 629, 645 (D.Md. 1999)); see also Cook v. Heckler, 783 F.2d 1168, 1172-1173 (4th Cir. 1986).  Defendant argues that the record here lacks "ample evidence" that Plaintiff's back impairment meets or equals Listing 1.04A.  Id.

Plaintiff correctly argues that the record clearly reflects that he suffers from a disorder of the spine.  (Document No. 14, p.11).  Defendant acknowledges this condition, but asserts that the crux of listing 1.04A focuses not on whether a spine disorder exists, but if it is characterized by

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)

(Document No. 22, pp.12-13) (quoting 20 C.F.R. 404, Subpt. P, App. 1, § 1.04A).  Defendant argues that the evidence does not demonstrate the existence of any of these required elements.  Id.

Specifically, Defendant refutes Plaintiff's contention that the record shows spinal cord problems or evidence of nerve root compression. Id. (citing Tr. 171, 181). Moreover, Defendant argues that the overwhelming majority of the record reflects normal objective exam findings indicating no problems with range of motion testing, no motor loss, no sensory loss, no reflex loss, and negative straight leg raise exams. Id. (citing Tr. 216, 218-19, 224, 226-27, 230-31, 233-34). Defendant further notes that Plaintiff did not receive any documented treatment in 2002, 2003, 2004, or for most of 2005. Id.

Based on the parties' arguments and the record, the undersigned is satisfied that the ALJ did not err in declining to find that Plaintiff's impairments met or equaled Listing 1.04A.

### 3. Weight Afforded Physicians' Opinions

Plaintiff also contends the ALJ erred by giving less weight to Dr. Hanley, his treating physician, than the DDS physician. (Document No. 14, p.12).

In response, Defendant argues that Dr. Hanley only examined Plaintiff once, and takes exception to his description as a treating physician. (Document No. 22, pp.14-16). Furthermore, as Defendant notes, the ALJ specifically addressed Dr. Hanley's opinion and found that it was inconsistent with his own treatment notes and other objective medical records. (Tr. 14). Although Dr. Hanley opined that Plaintiff was "disabled from any occupation," the ALJ observed that Hanley's notes showed that Plaintiff had no significant physical limitations. Id. Dr. Hanley's report showed that Plaintiff desired no further treatment for his condition and that his pain assessment was a 3 on a scale of 10. (Tr. 189-90).

The opinions of nonexamining State agency medical sources must be considered by the ALJ – insofar as they are supported by evidence in the case record – as those of highly qualified

physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Social Security Act. See 20 C.F.R. § 404.1527(f); SSR 96-6P. The opinion of a non-examining physician can constitute substantial evidence in support of the ALJ's decision when, as here, it is consistent with the record. Smith v. Schweicker, 795 F.2d 343, 345-346 (4th Cir. 1986); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). Furthermore, if the medical evidence from examining or treating sources is conflicting, an ALJ's determination coming down on the side of the non-examining physician should stand. Gordon, 725 F.2d at 235. Thus, it was permissible for the ALJ here to give great weight to Dr. Alan B. Cohen's opinion given its consistency with the record. (Tr. 13, 194-201). Moreover, Dr. Cohen's opinion was reviewed and affirmed by Dr. E. Woods. (Tr. 206).

Under the "treating physician rule," an ALJ must only give controlling weight to the opinion of a claimant's treating physician when the opinion concerns the nature and severity of an impairment and is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). In contrast, a determination on the ultimate issue of whether a claimant is disabled is administrative in nature and is reserved for the Commissioner to make. 20 C.F.R. §§ 404.1527(e); 416.927(e). Contrary to Plaintiff's assertion, the opinion by Dr. Hanley that Plaintiff is "disabled" is not subject to the "treating physician rule," because it is not a medical opinion concerning the nature and severity of an impairment. 20 C.F.R. §§ 404.1527(e); 416.927(e). Rather, Dr. Hanley's opinion that Plaintiff is disabled is a medical source opinion concerning an issue reserved for the Commissioner, and such opinions are never given any special significance over other such opinions. 20 C.F.R. §§ 404.1527(e)(3); 416.927(e)(3). See SSR 96-5p.

Plaintiff concedes that the "opinion of a treating physician as to whether the claimant is disabled is never controlling, because disability is a legal question reserved to the Commissioner." (Document No. 14, p.12). Under the circumstances, the undersigned does not find error in the ALJ's weighing of the opinion evidence.

### B. Need for Vocational Expert

Next, Plaintiff argues that the ALJ erred in failing to consult a VE to determine the impact of Plaintiff's non-exertional pain on his ability to work. (Document No. 14, p.15) (citing Russell v. Sullivan, 914 F.2d 1492, 1990 WL 136648 at *2 (4th Cir. Sept.24, 1990). Plaintiff concludes that he suffered from "significant non-exertional pain," but fails to cite any evidence that his pain was nonexertional, or that the ALJ erred in failing to find his pain rose to the level of nonexertional. Id.

In response, Defendant concedes that significant non-exertional limitations due to pain require an ALJ to call on the services of a VE; however, Defendant contends that neither the record, the ALJ, nor Plaintiff have specifically identified significant non-exertional limitations requiring VE testimony. (Document No. 22, p.23). Defendant argues that where Plaintiff has not met his burden of proving disability, the ALJ is not required to call a VE to prove he could perform his past work. Id. (citing Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (Where plaintiff failed to show he was unable to return to his previous work, burden of proof remained with plaintiff. Vocational expert testimony useful, but not required.).

The undersigned notes that while the ALJ did find Plaintiff's back pain to be a severe impairment, it does not appear he found Plaintiff's pain to rise to the level of a nonexertional impairment. To the contrary, the ALJ found Plaintiff to be capable of a full range of light work with a limitation to occasional stooping and kneeling. (Tr.13). In addition, the ALJ noted that Plaintiff

11

rated his pain as 3 out of 10, with Tylenol and Flexeril being the only medications reported. (Tr. 14). Moreover, the ALJ found that Plaintiff's medically determinable impairments could cause his alleged symptoms, but he did not find Plaintiff's statements concerning the intensity, persistence and limiting effects to be entirely credible, or to preclude a full range of light work, including his past relevant work. Id.

Under the circumstances, the undersigned does not find that the ALJ committed reversible error by declining to call on the services of a vocational expert. While such testimony might have been useful, it was not required on these facts.

**C. ALJ's Assessment of Residual Functional Capacity**

Finally, Plaintiff contends that the ALJ's assessment of RFC was "fatally defective." (Document No. 14, p.16). Plaintiff argues that the "record is replete with Reynold's complaints of severe, chronic pain" and that the ALJ committed factual error in deciding this case. (Document No. 14, p.16).

Defendant, however, counters that the record is replete with statements that belie an assertion of disabling pain, including: "patient is quite ready to return to work without restrictions"; "back better . . . not requiring pain medication now"; "a lot better after physical therapy . . . [pain] rated 3/10"; "back to his normal level of function." (Document No. 22, p.17) (citing Tr. 175-76, 178, 233-34).

The ALJ recognized that Plaintiff suffered pain and limitations based on his impairments, and determined an RFC that he believed accommodated those limitations and was supported by the objective medical record. (Tr. 14). Substantial evidence appears to support the ALJ's decision, and the undersigned will decline to re-weigh the evidence.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 13) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 21) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections

13

will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Max O. Cogburn, Jr.

**IT IS SO RECOMMENDED**.

Signed: January 25, 2012

David C. Keesler
United States Magistrate Judge