# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv49

| | |
|---|---|
| GORDON REYNOLDS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on review of the Memorandum and Recommendation of the magistrate judge and plaintiff's objections. On March 6, 2012, defendant filed its response to such objections, stating that such objections "simply re-assert the same basic challenges raised in his original Motion for Summary Judgment." Response (#27), at 1.

**I.  Standard of Review**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not

direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Judge Cayer's M&R.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this court's review of the Commissioner's final decision to: (1) whether substantial evidence supports the decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390; see Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1996). The decision must be based on the record as a whole. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). The appellate court has emphasized that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456; Smith v. Schweiker, 795 F.2d at 345; Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the

evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."). If the Commissioner's decision is supported by substantial evidence under the correct legal standard, it must be affirmed even if the reviewing court would have decided differently. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

II.  **Discussion**

   A.  **Introduction**

Plaintiff has not objected to the Procedural History as set forth on pages three through six of the M&R. The court therefore adopts as its own such section of the M&R.

   B.  **Plaintiff's Objections**

In his objections, plaintiff makes the following arguments:

(1) The M&R cannot be sustained because both the M&R and the ALJ's decision ignored the most critical piece of objective evidence in the medical record. Neither the ALJ's decision nor the M&R mentioned that Reynolds has severe foraminal stenosis of the lumbar spine;

(2) The M&R cannot be sustained because it was based, in part, on the false premise that the record shows no evidence of compression of the nerve root;

(3) The ALJ's decision not to call a medical expert on the issue of medical equivalence under Listing 1.04 cannot be defended as a proper exercise of discretion. The ALJ: 1) failed to mention anywhere in his opinion critical material evidence bearing directly on medical equivalency (severe stenosis); 2) failed to consider or acknowledge that severe stenosis usually entails compression of the nerve root; 3) failed to cite any medical record evidence in his finding on equivalence; 4) made an equivalence finding that was wholly conclusory; and 5) failed to

3

mention the listing against which the claimant's condition was measured, or the elements of the listing. Accordingly, the M&R must be rejected.

(4) The ALJ's RFC finding was not supported by substantial evidence because it ignored the claimant's most favorable piece of objective evidence – Reynold's severe stenosis. The presence of severe stenosis supports a finding that Reynolds has a medical condition that could reasonably be expected to produce the pain alleged. To fail to even mention such evidence was reversible error.

(5) The M&R erred by sustaining the ALJ's Craig Step Two credibility finding. The ALJ's credibility finding resulted from an assessment that failed to consider several material facts, the most significant being that Reynolds has severe stenosis. The ALJ's credibility finding omitted other material facts, and cited half-truths, and made findings of fact that were clearly false.

(6) The ALJ erred by failing to accord great weight to Reynold's testimony, even though it was supported by substantial evidence. The M&R erred by finding no error in the ALJ's failure to apply the great weight rule.

Objections (#24).

### B. Consideration of Plaintiff's Objections

#### 1. First Objection

Plaintiff's first objection is, as follows:

The M&R cannot be sustained because both the M&R and the ALJ's decision ignored the most critical piece of objective evidence in the medical record. Neither the ALJ's decision nor the M&R mentioned that Reynolds has severe foraminal stenosis of the lumbar spine.

Objections (#24), at 1-4. Failure to mention a piece of evidence, which *plaintiff* believes is most critical, is of no consequence. Generally, failure by the Commissioner to consider an

4

entire line of evidence falls well below the minimal level of articulation required by the Social Security Act. Diaz v. Chater, 55 F.3d 300, 307 (7th Cir.1995). However, an ALJ is not tasked with the "impossible burden of mentioning every piece of evidence" that may be placed into the Administrative Record. Parks v. Sullivan, 766 F.Supp. 627, 635 (N.D.Ill.1991). The issue is not whether the ALJ failed to mention a particular piece of evidence in their decision, but whether the ALJ's final decision denying benefits is supported by substantial evidence contained in the Administrative Record.

Plaintiff argues that "[n]either the ALJ's decision nor the M&R mentioned that Reynolds has severe foraminal stenosis of the lumbar spine." Objections, at 1. While spinal stenosis is not specifically referenced, Judge Keesler did consider plaintiff's back condition:

> Plaintiff correctly argues that the record clearly reflects that he suffers from a disorder of the spine. (Document No. 14, p.11). Defendant acknowledges this condition, but asserts that the crux of listing 1.04A focuses not on whether a spine disorder exists, but if it is characterized by
> > Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)
> (Document No. 22, pp.12-13) (quoting 20 C.F.R. 404, Subpt. P, App. 1, § 1.04A). Defendant argues that the evidence does not demonstrate the existence of any of these required elements. Id.
> Specifically, Defendant refutes Plaintiff's contention that the record shows spinal cord problems or evidence of nerve root compression. Id. (citing Tr. 171, 181). Moreover, Defendant argues that the overwhelming majority of the record reflects normal objective exam findings indicating no problems with range of motion testing, no motor loss, no sensory loss, no reflex loss, and negative straight leg raise exams. Id. (citing Tr. 216, 218-19, 224, 226-27, 230-31, 233-34). Defendant further notes that Plaintiff did not receive any documented treatment in 2002, 2003, 2004, or for most of 2005. Id.

> Based on the parties' arguments and the record, the undersigned is satisfied that the ALJ did not err in declining to find that Plaintiff's impairments met or equaled Listing 1.04A.

M&R (#23), at 8-9. Plaintiff's objection is, therefore, without merit and will be overruled.

### 2. Plaintiff's Second Objection

Plaintiff's second objection is, as follows:

> The M&R cannot be sustained because it was based, in part, on the false premise that the record shows no evidence of compression of the nerve root.

Objections (#24), at 4. As discussed immediately above, plaintiff's objection overstates what the Commissioner and Judge Keesler determined:

> Specifically, Defendant refutes Plaintiff's contention that the record shows spinal cord problems or evidence of nerve root compression . . . . the <u>overwhelming majority</u> of the record reflects normal objective exam findings indicating no problems with range of motion testing, no motor loss, no sensory loss, no reflex loss, and negative straight leg raise exams.

M&R (#23), at 9 (citations to the administrative record omitted; emphasis added). As the burden is one of substantial evidence, the Commissioner properly argued and Judge Keesler properly found that the "overwhelming majority of the record" supported the ALJ's determination, not that "the record shows no evidence of compression . . . ." The court finds no merit to this objection and it will be overruled.

### 3. Third Objection

In his third objection, plaintiff argues as follows:

> The ALJ's decision not to call a medical expert on the issue of medical equivalence under Listing 1.04 cannot be defended as a proper exercise of

discretion. The ALJ: 1) failed to mention anywhere in his opinion critical material evidence bearing directly on medical equivalency (severe stenosis); 2) failed to consider or acknowledge that severe stenosis usually entails compression of the nerve root; 3) failed to cite any medical record evidence in his finding on equivalence; 4) made an equivalence finding that was wholly conclusory; and 5) failed to mention the listing against which the claimant's condition was measured, or the elements of the listing. Accordingly, the M&R must be rejected.

Objections (#24), at 5. The essence of this argument is, as it was in the Second Objection, that "the M&R ignored that Reynolds has severe stenosis, and clearly erred in finding that there was no evidence to support Reynolds' having compression of the nerve roots." Id., at 6. As such objection does not accurately reflect the decision of Judge Keesler, it is rejected.

Instead, the court will consider plaintiff's key objection that it was an abuse of discretion for the ALJ to not call a medical expert on the issue of medical equivalence. The use of a medical advisor is a matter left to the ALJ's discretion. Johnson v. Astrue, 2008 WL 7526174 at *7 (W.D.N.C. May 16, 2008), *aff'd by* 320 Fed.Appx. 193 (4th Cir. 2009)).[1]

As determining whether there was an abuse of discretion implicates the ALJ's consideration of Listing 1.04A, the court will turn to Judge Keesler's recommendation concerning the Listing determination. First, only where there is ample evidence in the record to support a determination that a claimant's impairment meets or equals one of the listed impairments must the ALJ identify the relevant listed impairments and compare them to evidence of a plaintiff's symptoms. Cook v. Heckler, 783 F.2d 1168, 1172-1173 (4th Cir.

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

1986); Ketcher v. Apfel, 68 F.Supp. 2d 629, 645 (D.Md. 1999). As discussed above in the context of plaintiff's first objection, the overwhelming majority of the record reflects normal objective exam findings indicating no problems with range of motion testing, no motor loss, no sensory loss, no reflex loss, and negative straight leg raise exams. Tr. 216, 218-19, 224, 226-27, 230-31, 233-34. What is important is not what a particular spine disorder may be called, but whether there is evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). Clearly, the ALJ's determination is supported by substantial evidence as the evidence contained in the administrative record would not support a finding that plaintiff's back impairment either met or equaled Listing 1.04A. It was plaintiff's burden to demonstrate to the Commissioner at step three that his back impairment satisfied all of the criteria of the listing, 20 C.F.R. § 404.1520, not simply that he had a back impairment or what that back impairment was called.

Thus, there was no abuse of discretion by failing to employ a medical advisor or expert and the court will overrule this objection. See also 20 C.F.R. § 416.1525(d).

### 4. Fourth Objection

In his fourth objection, plaintiff contends as follows:

> The ALJ's RFC finding was not supported by substantial evidence because it ignored the claimant's most favorable piece of objective evidence – Reynold's severe stenosis. The presence of severe stenosis supports a finding that Reynolds has a medical condition that could reasonably be expected to produce the pain alleged. To fail to even mention such evidence was reversible error.

Objections (#24), at 7. The court finds such objection to simply be a recasting or culmination of earlier objections which have been overruled. For the reasons discussed above, this objection will be overruled.

### 5. Fifth Objection

In his fifth objection, plaintiff argues, as follows:

The M&R erred by sustaining the ALJ's Craig Step Two credibility finding. The ALJ's credibility finding resulted from an assessment that failed to consider several material facts, the most significant being that Reynolds has severe stenosis. The ALJ's credibility finding omitted other material facts, and cited half-truths, and made findings of fact that were clearly false.

Objections (#24), at 7. By arguing that the M&R is in error by "sustaining the ALJ's Craig Step Two credibility finding," id., does little to move the ball forward. Here Judge Keesler held, as follows:

> In short, the ALJ found that Plaintiff's back pain was a severe impairment, but disagreed with Plaintiff's contention that his pain was disabling. (Tr. 12-14). After careful review of the ALJ's decision and the parties' arguments, the undersigned finds that the ALJ's analysis was consistent with Craig, and that his credibility determination was not in error.

M&R (#23), at 7.

At step two of the Craig analysis "the intensity and persistence of the claimant's pain, and the extent to which it affects h[is] ability to work, must be evaluated." Craig v. Chater,

9

76 F.3d 585, 594 (4th Cir. 1996)(citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)). The ALJ must consider the following: (1) a claimant's testimony and other statements concerning pain or other subjective complaints; (2) claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment. Craig, 76 F.3d at 595; 20 C.F.R. § 404. 1529(c); SSR 96-7p. The term "other relevant evidence" includes: a claimant's activities of daily living; the location, duration, frequency and intensity of their pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medications taken to alleviate their pain and other symptoms; treatment, other than medication, received; and any other measures used to relieve their alleged pain and other symptoms. Id. Here, the ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . .

Tr. 14. Prior to reaching that conclusion, the ALJ found that Plaintiff's back pain was a severe impairment, but disagreed with plaintiff's contention that his pain was disabling. Tr. 12-14. Judge Keesler determined that the ALJ's analysis was consistent with Craig, and that his credibility determination was not in error. This court concurs in such determination and will overrule this objection.

### 6. Sixth Objection

In his sixth and final objection, plaintiff contends as follows:

> The ALJ erred by failing to accord great weight to Reynold's testimony, even though it was supported by substantial evidence. The M&R erred by finding no error in the ALJ's failure to apply the great weight rule.

Objections (#24), at 14. Plaintiff contends that "the Magistrate Judge did not address the legal issue of whether the ALJ erred by failing to use the great weight rule as a tool of decision." Objections (#24), at 15. The crux of plaintiff's underlying argument is that "Reynold's severe stenosis, by itself, was substantial evidence of the amount and degree of pain he alleged." Id., at 14-15.

This so-called "great weight rule," at best, is simply a restatement of the consideration given at step-two of the Craig analysis. As the Court of Appeals for the Fourth Circuit has noted:

> Felton–Miller identifies a host of other cases that she contends support the existence of a "great weight rule." These cases recognize that subjective evidence may be entitled to great weight, but the cases do not rely on the finding at step one of the pain analysis. Rather, great weight is afforded to subjective evidence when it is either uncontradicted or supported by substantial evidence. *See, e.g., Combs v. Weinberger*, 501 F.2d 1361, 1362–63 (4th Cir.1974) ("[W]e have held that subjective evidence is entitled to great weight, especially where such evidence is uncontradicted in the record.") (internal quotation marks omitted).

Felton-Miller v. Astrue, 2011 WL 6396463, 4 (4th Cir. 2011).[2]

As the court noted in a similar argument made by counsel in Smith v. Astrue, 3:09cv488 (W.D.N.C.), *aff'd* 2011 WL 6188731 (4th Cir. 2011), the court greatly appreciates the advocacy that is apparent in this argument, and the court commends counsel for

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

presenting it. The logic, however, would convert a "threshold determination" into a "finish line" if the court were to accept plaintiff's argument that a diagnosis, by itself, was substantial evidence of the amount and degree of pain alleged. If such were in fact the standard, ALJs would never reach the second step under Craig as a negative finding under Step One would end the inquiry and a positive finding would require the ALJ to afford great weight to plaintiff's complaints of subjective symptoms, ignoring that Craig requires at step two consideration of a claimant's testimony and other statements concerning pain or other subjective complaints, claimant's medical history and laboratory findings, and any objective medical evidence of pain, and any other evidence relevant to the severity of the impairment. Craig, 76 F.3d at 595. Put another way, simply because a person suffers from a diagnosed disease or ailment does not mean, necessarily, that the person suffers disabling symptoms. For example, the fact that a person may suffer from Multiple Sclerosis is not substantial evidence that such particular person suffers the amount and degree of pain alleged, as the subjective symptoms suffered and the impact those symptoms have on a person's ability to work will vary.

What the Fourth Circuit has been striving for is a fair analysis of subjective symptoms, and a "great weight" rule would set back consideration to pre-Hyatt days by making the presence or absence "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant" determinative. Craig, 76 F.3d at 594.

Step One is a threshold, and only a slight one at that, which if passed prompts the Commissioner to give careful consideration to many factors, including activities of daily living, which are instructive on whether a claimant's testimony concerning subjective complaints should then be fully credited. In Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994), Honorable K. K. Hall wrote in announcing and concurring in the judgment of the Court of Appeals for the Fourth Circuit, as follows:

> This refreshing mode of analysis is precisely what I believe our cases have been striving for. The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life.

Id., at 927. Viewed from the perspective of Mickles, the threshold requirement of objective medical evidence showing an impairment "which *could* reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant," Craig supra (emphasis added), is a nod to pre-Hyatt credibility determinations, which relied almost exclusively on the presence or absence of objective medical evidence of pain. By using the word "*could*" in formulating the Step One analysis, the appellate court in Craig fashioned an inquiry not unlike the *plausibility* requirement under Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009): having objective medical evidence which *could* reasonably be expected to produce the actual pain gets the claimant an *at bat*, but does not guarantee a *base hit*.

By advancing the inquiry to Step Two, the ALJ does no disservice to a claimant as the ALJ then conducts the substantive analysis the Fourth Circuit has been striving for in Hyatt, Mickles, and Craig for the past two decades. Review of the ALJ's determination in this case

13

reveals that the ALJ gave careful consideration to the objective medical evidence of record.[3]

Further, the Court of Appeals for the Fourth Circuit does not appear to adhere to the so-called "great weight" rule suggested by plaintiff's objection. In Craig, the appellate court held that it had never been the law in the Fourth Circuit that an "ALJ was obliged to accept, without more, [a claimant's] subjective assertions of disabling pain and her subjective assessment of the degree of that pain." Craig v. Chater, 76 F.3d at 591.

For all these reasons, plaintiff's objection will, therefore, be overruled as the ALJ properly considered and weighed plaintiff's contentions.

## III. Conclusion

The court has carefully considered Judge Keesler's Memorandum and Recommendation, plaintiff's Objections, and defendants Response. Further, the court has reviewed relevant portions of the Administrative Record, including the ALJ's determination. Based on such review, the court finds that Judge Keesler correctly determined that the ALJ's decision was based on substantial evidence, and the court adopts the M&R as the decision of this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The Commissioner's Motion for Summary Judgment (#21) is **GRANTED**;

(2) Plaintiff's Motion for Summary Judgment (#13) is **DENIED**;

---

[3] The court notes a incomplete sentence in the ALJ's decision appearing at TR. 14, at ¶ 6.

(3) Plaintiff's Objections (#24) are **OVERRULED**;

(4) The Commissioner's decision and the Memorandum and Recommendation of Judge Keesler are **AFFIRMED**; and

(5) Plaintiff's claim is hereby **DISMISSED**.

Signed: March 8, 2012

Max O. Cogburn Jr.
United States District Judge